ADAM GORDON
United States Attorney
BRANDON KIMURA
Assistant U.S. Attorney
California Bar No. 241220
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Telephone (619) 546-9661
james.redd@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
SEP 2 5 2025
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY wp DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>INGRID RENE SHOAF,<br>Defendant. | Case No. 25CR519-LL<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Adam Gordon, United States Attorney, and Brandon Kimura, Assistant United States Attorney, and defendant, Ingrid Rene Shoaf ("Defendant"), with the advice and consent of David Zugman, counsel for Defendant, as follows:

I

**THE PLEA**

A. THE CHARGES

Defendant agrees to plead guilty to Count 2 of the Information charging Defendant with:

//

//

Count 2

On or about December 11, 2024, within the Southern District of California, defendant Ingrid Rene SHOAF did knowingly and intentionally possess, with intent to distribute, 50 grams and more, to wit: 268.69 grams of a mixture and substance containing a detectable amount of Methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

In addition, defendant consents to the forfeiture allegations of the Indictment, consents to the forfeiture of all properties seized in connection with the case, and agrees the attached Forfeiture Addendum shall govern forfeiture in this case.

The Government agrees to (1) move to dismiss the remaining charges without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

B. CONDITIONAL PLEA

Defendant is entering a conditional plea of guilty pursuant to Federal Rule of Criminal Procedure 11(a)(2), with the express purpose of reviewing on appeal the following adverse rulings of the district court:

1. The district court's denial of the Defendant's motion to suppress under the Fourth Amendment [ECF Nos. 41, 43-47, 49-53, 57, 61, 64-66, and 72-74].

Defendant agrees that she may appeal the district court's denial of the above motions and is limited to the claims made in the pleadings and hearings regarding the motions listed above.

On appeal, Defendant may use any fact within the record, statute, or case law to support her arguments. No other motions or claims are



Def. Initials IRS
25CR519-LL

preserved for appeal. Defendant acknowledges that the United States may support the district court's rulings on appeal, on any ground raised in the district court.

Defendant acknowledges and agrees that if she does not prevail on her appeal of the district court's denial of the motions listed above, she will not be allowed to withdraw her plea of guilty to the Information.

**II**

**NATURE OF THE OFFENSE**

A. ELEMENTS EXPLAINED

Defendant understands that the offense to which Defendant is pleading guilty has the following elements:

Count 2

1. First, the defendant knowingly possessed methamphetamine; and

2. Second, the defendant possessed the methamphetamine with the intent to deliver it to another person.

In addition, for purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the amount of methamphetamine involved in the offense was 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

Count 2

1. On or about December 11, 2024, police executed a search warrant at 3724 Clavelita Street, San Diego, California 92154 (the "Residence"). A search of the Residence's garage



Def. Initials A.P.G.
25CR 519-LL

pursuant to the warrant revealed approximately 82.39 grams of a mixture or substance containing a detectable amount of Methamphetamine, which is a Schedule II controlled substance. Approximately 186.3 additional grams of a mixture or substance containing a detectable amount of methamphetamine was found in a bedroom of the Residence.

2. Defendant knowingly and solely possessed all the methamphetamine seized from the Residence on December 11, 2024. Defendant further admits that her co-defendant, Donna Marie Shoaf, did not possess any of the methamphetamine seized from the Residence on December 11, 2024.

3. Defendant knowingly possessed all the methamphetamine in the Residence on December 11, 2024, with the intent to deliver it to another person.

## II

## PENALTIES

Defendant understands that the crimes to which Defendant is pleading guilty to carry the following penalties:

Count 2

A. a mandatory minimum of 5 years in prison, and a maximum of 40 years in prison;

B. a maximum $~~10~~ 5,000,000 fine;

C. a mandatory special assessment of $100 per count;

D. a term of supervised release of at least 4 years but up to life. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release;

E. possible ineligibility for certain Federal benefits; and

F. forfeiture of all proceeds of the offense and all property used in the commission of the offense.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant;

F. Not testify or have any adverse inferences drawn from the failure to testify; and

G. Defendant knowingly and voluntarily waives any rights and defenses Defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding.

**V**
**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

The Government represents that any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty Defendant will not be provided this information, if any, and Defendant also waives the right to this information. Finally, Defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

//

//

## VI
## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant further understands that the conviction in this case may subject Defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which will serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

## VII
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

//



Def. Initials [handwritten initials]
25CR519 LL

VIII

APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

IX

SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence Defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is not binding on the Court. Likewise, the recommendation made by the Government is not binding on the Court,



Def. Initials dRD

25CR519-LL

and it is uncertain at this time what Defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant nevertheless has no right to withdraw the plea.

**X**

**PARTIES' SENTENCING RECOMMENDATIONS**

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures.

Count 2

| | | |
|---|---|---|
| 1. | Base Offense Level [USSG § 2D1.1(c)(8)] | 26** |
| 2. | Acceptance of Responsibility [USSG § 3E1.1] | -3 |
| | Total Adjusted Offense Level | 23 |

****The parties also agree that, if Defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b) and the Defendant will be ineligible for any role reduction. Further, the parties do not have an agreement on Defendant's criminal history and either party may argue for a different base offense level under upon review of Defendant's criminal history as set forth in the presentence report.**

B. ACCEPTANCE OF RESPONSIBILITY

Notwithstanding paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant



Def. Initials dRB
25CR519-LL

engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;
3. Is untruthful with the Government, the Court or probation officer;

4. Materially breaches this plea agreement in any way; or

5. Contests or assists any third party in contesting the forfeiture of property(ies) seized in connection with this case, and any property(ies) to which Defendant has agreed to forfeit as set forth in the attached forfeiture addendum.

C. <u>FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553</u>

Defendant may recommend additional downward variances from the Sentencing Guidelines under 18 U.S.C. § 3553, but may not make any request or recommendation inconsistent with Section X, paragraph F, below. The Government may recommend any variances under 18 U.S.C. § 3553 and may oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. <u>NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY</u>

The parties have **<u>no</u>** agreement as to Defendant's Criminal History Category.

E. <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION</u>

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).



Def. Initials dRB
25CR519-LL

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend that Defendant be sentenced to the greater of: the low end of the advisory guideline range recommended by the Government at sentencing, or the statutory mandatory minimum sentence.

G. SPECIAL ASSESSMENT/FORFEITURE

1. Special Assessment and Fine

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2. Forfeiture

Defendant consents to the forfeiture allegations of the Information and consents to the forfeiture of all properties seized in connection with the case. Defendant agrees that the provisions of the attached forfeiture addendum shall govern forfeiture in this case.

H. SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, Defendant will not later seek to reduce or terminate early the term of supervised release until she has served at least 2/3 of her term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

//

//



Def. Initials [initials]
25CR519-LL

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

With the sole exception noted in the conditional plea paragraph above [I.B.], in exchange for the United States' concessions in this plea agreement, Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. Defendant also waives, to the full extent of the law, any right to appeal or to collaterally attack the sentence, unless the court imposes a custodial sentence greater than the high end of the calculated guidelines contemplated by this agreement. If the defendant appeals, the United States may support on appeal the sentence imposed. If defendant believes the United States' recommendation at the time of sentencing is not in accord with this agreement, defendant will object at the time of sentencing; otherwise, the objection will be deemed waived and cannot be raised on appeal.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.



Def. Initials JRS

25 CR 519-LL

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;

2. Failing to fully accept responsibility as established in Section X, paragraph B, above;

3. Failing to appear in court;

4. Attempting to withdraw the plea;

5. Failing to abide by any lawful court order related to this case;

6. Appealing or collaterally attacking the sentence or conviction in violation of Section XI of this plea agreement (with the exception of issue set forth in Section I.B.); or

7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

In the event of Defendant's material breach of this plea agreement, Defendant will not be able to enforce any of its provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled as of the date of this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, Defendant agrees that in the event of Defendant's material breach of this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a



Def. Initials DRG

25 cr 519-LL

Magistrate Judge or a District Judge); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a material breach by Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and/or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

**XIII**

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

**XIV**

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.



Def. Initials ORR
25CR 0519-LL

XV

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and her counsel did not advise her about what to say in this regard.

ADAM GORDON
United States Attorney

9/25/25
DATED

BRANDON KIMURA
Assistant U.S. Attorney

9/22/25
DATED

DAVID ZUGMAN
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

9/22/25
DATED

INGRID RENE SHOAF
Defendant

Approved by:

/s/James Redd
James Redd
Assistant U.S. Attorney



Def. Initials IRS
25CR519-LL

**FORFEITURE ADDENDUM TO PLEA AGREEMENT IN 25-cr-00519-LL**

Defendant's conviction will include forfeiture. This forfeiture addendum is incorporated into and is a part of the Defendant's plea agreement, and the additional terms and warnings below apply. In addition to the penalties set forth in the plea agreement, Defendant understands that forfeiture of property is an additional mandatory penalty to be imposed as part of the sentence for the offense in this case. Defendant also agrees that the forfeiture of property as described below is final and not appealable and will survive and be final regardless of the outcome of any other appeal described in the plea agreement.

A. Property Subject to Forfeiture.

In addition to pleading guilty to Count 2 of the Information, and consenting to the forfeiture allegations set forth in the Information as set forth in Section I of the main plea agreement, Defendant agrees to forfeit to the United States all property seized in connection with this case, including but not limited to:

1. a black Cloud mobile cellular telephone with clear screen protector and no case;
2. a blue Sky Devices mobile cellular telephone with clear screen protector and clear case;
3. a RS-30 Reflex sight;
4. a Glock-style pellet gun;
5. approximately 3 rounds of .338 caliber Model 38 special ammunition; and
6. approximately 6 rounds of .32 caliber ammunition.

//

Bases of Forfeiture.

Defendant agrees all properties seized in connection with this case are subject to forfeiture to the United States pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2).

B. Immediate Entry of Preliminary Order of Forfeiture.

Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. Defendant further agrees that upon entry of the preliminary order of forfeiture, such order will be considered final as to Defendant's interests in the property described above.

In addition, Defendant agrees to immediately withdraw any claims to any and all properties seized in connection with this case in any pending administrative or civil forfeiture proceedings, and consents to and agrees to not contest the forfeiture of all properties seized in connection with this case. Defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture process(es). Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of any properties seized in connection with this case in the forfeiture proceedings ancillary to this criminal case, and in any related administrative and civil forfeiture proceeding.

Defendant agrees and understands that the forfeiture of property as set forth above is final, not appealable and will remain final regardless of the outcome of any other appeal described in the plea agreement.

C. Entry of Orders of Forfeiture and Waiver of Notice.

Defendant consents and agrees to the entry of orders of forfeiture



Def. Initials DRD

for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s).

D. Waiver of Constitutional and Statutory Challenges.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

E. Agreement Survives Defendant; No Forfeiture Abatement.

Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.



Def. Initials dRS

The defendant understands that the main plea agreement and this forfeiture addendum embody the entire plea agreement between the parties and supersedes any other plea agreement, written or oral.

9/22/25
DATED

x [signature]
INGRID RENE SHOAF
Defendant

Acknowledgment by Counsel:

9/22/25
DATED

[signature]
BRANDON KIMURA
Assistant U.S. Attorney

9/22/25
DATED

[signature]
~~RYAN T. MARDOCK~~
Defense Counsel
David Zugman